UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 15-cv-62463-BLOOM/Valle**

FELIX PICCOLO, JR.,
as personal representative of Felix Angelo Piccolo,

    Plaintiff,

v.

FRANK ANTHONY PICCOLO, et al.,

    Defendants.
_____/

## ORDER ON MOTION TO COMPEL

**THIS CAUSE** is before the Court upon Plaintiff/Counter Defendant Felix Piccolo Jr.'s ("Plaintiff") Motion to Compel Defendants to Disclose Location of Assets, ECF No. [61] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings and attachments, the record in this case, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is denied.

Plaintiff, who has substituted as a party in this case for his deceased father, has sued his brother and brother's wife for a variety of torts related to $349,507.00 in gold coins and $50,000 in cash. The instant Motion concerns those assets: Plaintiff wants to know where they are, to have them placed in a secure location, and to make sure that Defendants do not change that location. *See* ECF No. [61].

Plaintiff asserts that Defendants' counsel previously stated that he did not oppose an order from this Court freezing the assets and requiring Defendants to provide their own counsel with the assets' location. *Id.* at 5. In the Motion, Plaintiff additionally requests that the Court order Defendants to places the coins and cash in a "secure financial institution." *Id.* It appears,

however, that Defendants do not agree to any order from this Court, as they oppose the Motion in its entirety. *See* ECF No. [62]. In support of their positions, the parties have provided the Court with two citations to legal authorities.

As the Court noted in December when it denied a sealed motion filed by Plaintiff *ex parte*, *see* ECF No. [6], an asset freeze appears inappropriate in this case, as Plaintiff does not seek any equitable relief. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) ("A request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief."); *see also TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1261 (M.D. Fla. 2013) ("[F]ederal courts have recognized the propriety of asset freezes where . . . a plaintiff seeks equitable relief . . . .") (citation omitted). Generally, asset freezes are inappropriate where the assets are suspended merely to satisfy a potential monetary judgment. *See id.* It is Plaintiff's responsibility to apprise the Court of a legal basis for the relief he seeks. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotations omitted).

In Reply, Plaintiff has cited to one case, *Wimbledon Fund, SPC (Class TT) v. Graybox, L.L.C.*, 2015 WL 5822580, at *5 (C.D. Cal. Sept. 29, 2015), *aff'd sub nom. Wimbledon Fund, SPC Class TT v. Graybox, LLC*, 2016 WL 1554271 (9th Cir. Apr. 18, 2016), and the Court has considered the case. However *Wimbledon Fund* does not support Plaintiff's position, as it instead affirmed the general principal articulated by the Supreme Court in *Grupo Mexicano de Desarrollo S.A., v. Alliance Bond Fund, Inc.*, that a district court lacks authority "to issue a

preliminary injunction preventing [a] defendant from transferring assets in which no lien or equitable interest is claimed." 527 U.S. 308, 310, 333 (1999). The Supreme Court's holding applies to cases in which only monetary damages are requested. *See id*. at 324-25. *Wimbledon Fund* fell under the Ninth Circuit Court of Appeals' exception to that general rule, holding that "*Grupo Mexicano* does not prevent a court from issuing a preliminary injunction freezing assets where a fraudulent-transfer claim is asserted." *Wimbledon Fund, SPC (Class TT)*, 2015 WL 5822580, at *5 (citing *In re Focus Media, Inc.*, 387 F.3d 1077, 1085 (9th Cir. 2004)). In this case, Plaintiff seeks only monetary damages. *See* ECF No. [39]. Plaintiff does not make any "fraudulent-transfer claims," nor has he otherwise shown "a likelihood of dissipation of the claimed assets." *See Wimbledon Fund, SPC (Class TT)*, 2015 WL 5822580, at *5. Accordingly, the Court lacks authority to grant the requested relief. It is therefore

**ORDERED AND ADJUDGED** that the Motion to Compel, **ECF No. [61]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record