UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62463-CIV-BLOOM/VALLE

FELIX PICCOLO, JR., as personal
representative of FELIX
ANGELO PICCOLO,

       Plaintiff/Counter-Defendant,

v.

FRANK ANTHONY PICCOLO,

       Defendant/Counter-Plaintiff,

EVE PICCOLO,

       Defendant.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this

case.

When I have finished you will go to the jury room and begin your discussions,

sometimes called deliberations.

**The Duty to Follow Instructions—No Corporate Party Involved**

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Responsibility for Proof—Plaintiff's Claims—Preponderance of the Evidence, Clear and Convincing Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence" or, for the Plaintiff's civil theft claim only, by "clear and convincing evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. "Clear and convincing evidence" is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim is highly probable or reasonably certain.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence or, for the Plaintiff's civil theft claim only, by clear and convincing evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence or by clear and convincing evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence or, for the Plaintiff's civil theft claim only, by clear and convincing evidence, you should find for the Defendants as to that claim.

**Stipulations**

Sometimes the parties have agreed that certain facts are true.  This agreement is called a stipulation.  You must treat these facts as proved for this case.

## Count I—Civil Theft (Against Frank Piccolo)

Plaintiff's first claim is for civil theft against Defendant Frank Piccolo, based on the allegation that he wrongfully took approximately $350,000.00 in gold coins and $50,000.00 in cash from Felix Piccolo, Sr.'s safe deposit box and intended to either temporarily or permanently deprive him of these assets.

The issues for you to decide on Plaintiff's civil theft claim are: whether Defendant Frank Piccolo obtained or used the property of Felix Piccolo, Sr., with criminal intent— that is, with the intent to deprive him, either temporarily or permanently, of a superior right to the property or a benefit from it; and, if so, whether Frank Piccolo's actions were a legal cause of loss or damage to Felix Piccolo, Sr.

The civil theft claim must be proved by clear and convincing evidence—not just by a preponderance of the evidence.  Clear and convincing evidence is something more than a preponderance of the evidence; it means the evidence must persuade you that the claim is highly probable or reasonably certain.

If you find for Defendant Frank Piccolo on this claim, you will not consider the matter of damages. But if you find for Plaintiff, you must consider his compensatory damages.  You may award Plaintiff only those damages shown to be proximately caused by Frank Piccolo's wrongful action.

Damages are the proximate or legal result of a wrongful act of another if you find from clear and convincing evidence that, except for the wrongful act, the damages would not have occurred.  A wrongful act may be a proximate or legal cause of damages even though the wrongful act operates in combination with the act of another so long as the wrongful act contributes substantially to producing the damages.

8

When considering the issue of Plaintiff's damages, you should determine what amount, if any, Plaintiff has proven by clear and convincing evidence as full, just, and reasonable compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant Frank Piccolo. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. You should consider the following element of damages, to the extent you find that Plaintiff has proved it by clear and convincing evidence, and no others: the total value of any assets that Frank Piccolo wrongfully took from Felix Piccolo, Sr.'s safe deposit box.

## Count II—Conversion (Against Frank and Eve Piccolo)

Plaintiff's second claim is for conversion against Defendants Frank Piccolo and Eve Piccolo, based on the allegation that Defendants are wrongfully in possession of gold coins and cash that were stored in Felix Piccolo, Sr.'s safe deposit box.

"Conversion" is an unauthorized act which deprives another of his property permanently or for an indefinite time.

To prevail on his claim for conversion of the gold coins and/or cash, Plaintiff must prove by a preponderance of the evidence:

1. Felix Piccolo, Sr. possessed or had an immediate right to possess specific and identifiable assets;

2. Defendants committed an unauthorized act which deprived Felix Piccolo, Sr., of those assets; and

3. Felix Piccolo, Sr., demanded that Defendants return the assets but Defendants refused to do so.

Neither knowledge nor intent is required to prove a claim for conversion. Rather, conversion may be established despite evidence that Defendants took or retained property based on the mistaken belief that they had a right to possession.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

If you find for Plaintiff on this claim, you must consider Plaintiff's compensatory damages. You are instructed that the measure of damages for a claim for conversion is the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict.

### Count III—Aiding and Abetting Conversion (Against Eve Piccolo)

Plaintiff's third claim is for aiding and abetting conversion against Defendant Eve Piccolo, based on the allegation that she rendered substantial assistance to Defendant Frank Piccolo in the conversion of the gold coins and cash that were stored in Felix Piccolo Sr.'s safe deposit box.

Defendant Eve Piccolo may be liable for conversion—even if she personally did not commit the conversion—if you find that she aided and abetted Defendant Frank Piccolo, who committed the conversion. To hold Eve Piccolo liable for aiding and abetting conversion, Plaintiff must prove by a preponderance of the evidence:

1. A conversion (as defined earlier in Count II) was committed by Frank Piccolo;

2. Defendant Eve Piccolo substantially assisted Frank Piccolo in committing the conversion; and

3. Eve Piccolo knew that her actions would assist in the conversion at the time she provided the assistance.

Eve Piccolo need not have known the specific violations that the other person or persons intended to commit. It is sufficient if she was aware that one of a number of violations would probably be committed, and one of those violations was in fact committed.

If you find for Plaintiff on this claim, you must consider Plaintiff's compensatory damages. As with the claim for conversion, the measure of damages for a claim for aiding and abetting conversion is the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict.

## Count IV—Unjust Enrichment (Against Frank Piccolo)

Plaintiff's fourth claim is for unjust enrichment against Defendant Frank Piccolo. This claim is based on the allegations that Felix Piccolo, Sr., loaned Frank Piccolo $200,000.00 in July 2014 and that Frank Piccolo repudiated and stopped paying the loan in November 2015 when he was accused of taking the gold coins and cash from Felix Piccolo, Sr.'s safe deposit box. Plaintiff's unjust enrichment claim is also based on the allegations that Felix Piccolo, Sr., provided Frank Piccolo with access to the safe deposit box and that Frank Piccolo improperly removed the gold coins and cash therefrom.

A claim for unjust enrichment is an equitable claim which implies a contract as a matter of law. Such a contract implied in law is established where it is deemed unjust for one party to have received a benefit without having to pay compensation for it.

To succeed on his claim for unjust enrichment, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   Felix Piccolo, Sr., conferred a benefit (in the form of the aforementioned loan and/or the granting of access to the safe deposit box) on Defendant Frank Piccolo, and Frank Piccolo had knowledge of the benefit;

2.   Frank Piccolo voluntarily accepted and retained the benefit; and

3.   The circumstances are such that it would be inequitable for Frank Piccolo to retain the benefit without paying the value of it to Plaintiff.

If you find for Plaintiff on this claim, you will then consider the amount of monetary damages to be awarded. You should award Plaintiff an amount of money

12

shown by a preponderance of the evidence to be the value of the benefit received by

Defendant Frank Piccolo.

## Count V—Breach of Contract (Against Frank Piccolo)

Plaintiff's fifth claim is for breach of contract against Defendant Frank Piccolo. Plaintiff claims that Felix Piccolo, Sr., and Frank Piccolo entered into a contract in July 2014 whereby Felix Piccolo, Sr., loaned Frank Piccolo $200,000.00. Plaintiff further claims that Frank Piccolo breached this contract when he openly repudiated the contract and stopped making payments to Felix Piccolo, Sr., in November 2015.

Plaintiff claims that Felix Piccolo, Sr., and Frank Piccolo entered into a contract. To prove that a contract was created, Plaintiff must prove all of the following by a preponderance of the evidence:

1. The essential contract terms were clear enough that the parties could understand what each was required to do;

2. The parties agreed to give each other something of value. A promise to do something or not to do something may have value; and

3. The parties agreed to the essential terms of the contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. The making of a contract depends only on what the parties said or did. You may not consider the parties' thoughts or unspoken intentions.

If Plaintiff did not prove all of these facts, then a contract was not created, and you should find for Defendant Frank Piccolo on this claim.

14

If Plaintiff did prove that a contract was created, then in order to recover damages from Defendant Frank Piccolo for breach of contract, Plaintiff must also prove all of the following by a preponderance of the evidence:

1.    Felix Piccolo, Sr., did all, or substantially all, of the essential things which the contract required him to do, or was excused from doing those things;

2.    Frank Piccolo failed to do something essential which the contract required him to do, or he did something which the contract prohibited him from doing and that prohibition was essential to the contract; and

3.    Felix Piccolo, Sr., was harmed by that failure or prohibited act.

In evaluating this claim, you are instructed that contracts may be written or oral, and that contracts may be partly written and partly oral.  Oral contracts are just as valid as written contracts.

If you find for Plaintiff on this claim, then you should award him an amount of money that the preponderance of the evidence shows will fairly and adequately compensate Plaintiff for his damages.  Compensatory damages is that amount of money which will put Plaintiff in as good a position as he would have been if Defendant Frank Piccolo had not breached the contract and which naturally result from the breach.

## Count VI—Breach of Fiduciary Duty (Against Frank Piccolo)

Plaintiff's sixth claim is for breach of fiduciary duty against Defendant Frank Piccolo. Plaintiff alleges that a fiduciary duty was created in July 2012, when Felix Piccolo, Sr., executed a Durable Power of Attorney that named Frank Piccolo as his attorney-in-fact. Plaintiff further alleges that Frank Piccolo breached that fiduciary duty by removing gold coins and cash from Felix Piccolo, Sr.'s safe deposit box, by failing to keep any records of the removal or a written inventory of Frank Piccolo's access to the safe deposit box, and by claiming that the gold coins, cash, and/or the $190,000.00 check received by Frank Piccolo constituted "gifts."

Plaintiff claims that Defendant Frank Piccolo violated what is called a "fiduciary" duty or obligation that he owed to Felix Piccolo, Sr. A fiduciary relationship between two persons may be either express or implied. An express fiduciary relationship is created by contract or statute. An implied fiduciary duty may arise where the factual circumstances of the relationship indicate that one person (the "principal") has placed their trust and confidence in a second person (the "fiduciary") for a special purpose and that the second person accepted this trust and confidence. Although there is no exhaustive list of fiduciary relationships, fiduciary duties most commonly arise between attorneys and their clients, officers and shareholders of a corporation, personal representatives of an estate and the estate's heirs, and between trustees and the beneficiaries of a trust.

When one person does undertake to act for another in a fiduciary relationship, the law forbids the fiduciary from acting in any manner adverse or contrary to the interests of the principal, or from acting for the fiduciary's own benefit with respect to the subject matter of their relationship. The fiduciary therefore has a responsibility to

16

disclose any conflicts between the fiduciary's interests and the principal's interests which might make the fiduciary act in the fiduciary's own best interest at the expense or the detriment of his principal.  The principal is entitled to the best efforts of the fiduciary on the principal's behalf, and the fiduciary must exercise skill, care, and diligence when acting on behalf of the principal.

Thus, within the scope of action acknowledged or agreed to by the fiduciary, he is required to make truthful and complete disclosures to the principal, and the fiduciary is forbidden to obtain an unreasonable advantage at the principal's expense.

To recover on this claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

1.   A "fiduciary" relationship (as that term has been defined in these instructions) existed between Felix Piccolo, Sr., and Defendant Frank Piccolo;

2.   Frank Piccolo violated his fiduciary duty by removing gold coins and cash from Felix Piccolo, Sr.'s safe deposit box, by failing to keep any records of the removal or a written inventory of Frank Piccolo's access to the safe deposit box, and by claiming that the gold coins, cash, and/or the $190,000.00 check received by Frank Piccolo constituted "gifts"; and

3.   Felix Piccolo, Sr., suffered damages as a proximate result of that violation of the fiduciary obligation.

If you find for Plaintiff on this claim, then you should award him an amount of money that the preponderance of the evidence shows will fairly and adequately compensate him for all damages proximately resulting from Defendant Frank Piccolo's

breach of fiduciary duty.  For damages to be the proximate result of an act or course of dealing, it must be shown that such act or course of dealing played a substantial part in causing or bringing about the damages, and that, except for such conduct, the damages would not have occurred.

## Count VII—Aiding and Abetting Breach of Fiduciary Duty (Against Eve Piccolo)

Plaintiff's seventh and last claim is for aiding and abetting breach of fiduciary duty against Defendant Eve Piccolo. This claim is based on the allegation that Eve Piccolo rendered substantial assistance to Frank Piccolo in committing various breaches of an alleged fiduciary duty owed to Plaintiff.

Defendant Eve Piccolo may be liable for breach of fiduciary duty—even if she personally did not commit the breach—if you find that she aided and abetted Defendant Frank Piccolo, who committed the breach of fiduciary duty. To hold Eve Piccolo liable for aiding and abetting breach of fiduciary duty, Plaintiff must prove by a preponderance of the evidence:

1. A breach of fiduciary duty (as that term was defined in Count VI) was committed by Frank Piccolo;

2. Eve Piccolo substantially assisted Frank Piccolo in the breach of fiduciary duty; and

3. Eve Piccolo knew that her actions would assist in the breach of fiduciary duty at the time she provided the assistance.

Eve Piccolo need not have known the specific violations that the other person or persons intended to commit. It is sufficient if she was aware that one of a number of violations would probably be committed, and one of those violations was in fact committed.

If you find for Plaintiff on this claim, then you should award him an amount of money that the preponderance of the evidence shows will fairly and adequately compensate him for all damages proximately resulting from Defendant Eve Piccolo's aiding and abetting breach of fiduciary duty. Again, for damages to be the proximate

result of an act or course of dealing, it must be shown that such act or course of dealing played a substantial part in causing or bringing about the damages, and that, except for such conduct, the damages would not have occurred.

### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Election of Foreperson; Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.